## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

SHAN D. PRATHER,                    )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )          **CASE NO. CIV-12-1012-R**
                                    )
FRESNO COUNTY SHERIFF'S             )
OFFICE, et al.,                     )
                                    )
          Defendants.               )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek

relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1]

United States District Judge David L. Russell has referred the matter to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names the Fresno County California Sheriff's Department as the first

Defendant, explaining that such Defendant is employed as "Police" and "acting under color

of state law" through its status as sheriffs.[2] [Doc. No. 1, p. 1]. The second Defendant is

identified as the Fresno County California Police Department, employed and acting as

---

[1]Plaintiff has now been placed on notice in eight (8) newly filed cases in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915. *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives*, CIV-12-1369-R [Doc. No. 5].

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

"Police." *Id.* at 2. When called on by the form complaint to briefly state the background of his case, Plaintiff defines "racial profiling" and states that "No officer of any municipal, county or STATE law enforcement agency Shall engage in racial profiling[.]" *Id.* He further states that an individual's race "Shall not be the sole factor in determining the existence of probable cause to take into custody or to arrest an individual or in constituting a reasonable and articulable suspicion that an offense has been or is being committed[.]" *Id.*

In the first of three counts, Plaintiff maintains that "[a] violation of this section Shall be a misdemeanor" and that every agency must "adopt a detailed written policy that clearly defines the elements[.]" *Id.* at 3. As facts in support of this count, Plaintiff asserts the following: (2007 - 2012) Fresno County Shireffis D.P. Racial profiling Shan Darntanquian Prince Carnel Prather  2007 - 2012[.]" *Id.*    In Counts II and III, Plaintiff maintains that every agency must have a written policy with regard to the elements of racial profiling; that such policy must prohibit race or ethnicity-based profiling; and, that such a policy must be available for public inspection. *Id.* at 3 - 4. By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## **Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§

2

1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

## Analysis

The foregoing review of Plaintiff's complaint in light of the standards on initial screening plainly reveals that Plaintiff has failed to plead sufficient facts to state a plausible

claim for relief. *See Twombly,* 550 U.S. at 570. He has wholly failed to plead *any* facts alleging a constitutional violation against him by Defendants and, thus, dismissal for failure to state a claim upon which relief can be granted is recommended. Dismissal is likewise warranted and recommended on the ground that Plaintiff's complaint is frivolous in that it lacks any arguable legal basis. *See Hall,* 935 F.2d at 1108.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 28th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this ___8___ day of January, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

4